UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| OWEN HARTY, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:15-cv-07798 |
| | : | |
| BRIDON REALTY CO., LLC, A New York | : | |
| Limited Liability Company, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## FIRST AMENDED COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals

similarly situated, hereby sues Defendant, BRIDON REALTY CO., LLC, A New York Limited

Liability Company, for Injunctive Relief, and attorneys' fees, litigation expenses, and costs

pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. and the New

York Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296.

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an

   individual with disabilities as defined by the ADA.  Plaintiff is paralyzed from the waist

   down and is bound to ambulate in a wheelchair.  Plaintiff is a former resident of Rockland

   County, New York.  He returns to the Rockland County area frequently to visit family who

   still reside there.

2. Defendant's property, The Hub Shopping Center, 302-388 Route 59, Nyack, NY 10960, is

   located in the County of Rockland.

3.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. §§ 2201 and 2202.

4.  Venue is properly located in the SOUTHERN DISTRICT OF NEW YORK because venue lies in the judicial district of the property situs.  Defendant's property is located in and does business within this judicial district.

5.  The remedies provided by NYSHRL are not exclusive and state administrative remedies, and need not be exhausted in connection with suits brought under the ADA.

6.  Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made compliant with the ADA and NYSHRL.  Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety.  These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.  Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with federal and state laws prohibiting discrimination against disabled persons.

7.  Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA and NYSHRL.  Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals.  Plaintiff

is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

8.  Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA, the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, and the NYSHRL.  Defendant is responsible for complying with the obligations of the ADA and NYSHRL.  The place of public accommodation that Defendant owns, operates, leases or leases to is known as The Hub Shopping Center, 302-388 Route 59, Nyack, NY 10960.

9.  Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA and NYSHRL with respect to this property as described, but not necessarily limited to, the allegations in paragraph 12 of this First Amended Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA and NYSHRL by Defendant.  Plaintiff desires to visit The Hub Shopping Center not only to avail himself of the goods and services available at the property, but also to assure himself that this property is in compliance with the ADA and NYSHRL so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

10. Plaintiff incorporates herein by reference paragraphs 1 through 9 above, as if set forth herein in their entirety.

11. Defendant has discriminated against Plaintiff in violation of the ADA by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 *et seq*.

12. Defendant has discriminated, and is continuing to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of The Hub Shopping Center has shown that violations exist.  These violations include, but are not limited to:

 A.  Defendant fails to adhere to a policy, practice and procedure to ensure that its goods, services and facilities are readily accessible to and usable by disabled persons and fails to maintain its accessible features. Defendant's failure to maintain the required elements makes it difficult or impossible for Plaintiff to access the goods and services offered at the facility.

 B.  There is an insufficient number of compliant accessible parking spaces and access aisles, with improper slopes, drains in spaces, parking not properly dispersed, some spaces not closest to the entrance, and some signs are missing.  The lack of compliant parking makes it difficult, unsafe and/or impossible for Plaintiff to exit from his vehicle, get into his wheelchair and access the shopping center.

 C.  There is a lack of compliant accessible route connecting the disabled parking spaces with all the  goods, services and facilities at the property.  There are non-compliant ramps, non-compliant curb cuts, excessive slopes, ramps without handrails, and obstructions. Defendant's failure to provide a compliant accessible route makes it difficult, unsafe and/or impossible for Plaintiff to access the goods and services offered at the facility.

D.  There is an insufficient number of accessible tables/seating at the merchants located within the shopping center. At Nyack Hot Bagels & Deli and Amici's Italian Restaurante, there is no accessible seating provided for the disabled.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of Defendant's ADA  violations.  Plaintiff requires an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA  and all of the barriers to access.  Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by Defendant because of Defendant's ADA violations, as set forth above.  Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, Plaintiff requires an inspection of Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR 36.302 *et seq*.  Furthermore, Defendant continues to discriminate against Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities, and by failing to take such efforts that may be necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has

retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation

expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically disabled

when such removal is readily achievable for its place of public accommodation that have

existed prior to January 26, 1992, 28 CFR 36.304(a).  In the alternative, if there has been an

alteration to Defendant's place of public accommodation since January 26, 1992, then

Defendant is required to ensure, to the maximum extent feasible, that the altered portions of

the facility are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 CFR 36.402.  Finally, if Defendant's facility is one

which was designed and constructed for first occupancy subsequent to January 26, 1993, as

defined in 28 CFR 36.401, then Defendant's facility must be readily accessible to and useable

by individuals with disabilities as defined by the ADA.

17. Notice to Defendant is not required as a result of Defendant's failure to cure the violations by

January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross

receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or

waived by Defendant.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff

Injunctive Relief, including an order to require Defendant to alter The Hub Shopping Center

to make those facilities readily accessible and useable to Plaintiff and all other persons with

disabilities as defined by the ADA, or by closing the facility until such time as Defendant

cures its violations of the ADA.

**COUNT II - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

19. Plaintiff incorporates herein by reference paragraphs 1 through 18 above, as if set forth herein

    in their entirety.

20. The New York State Human Rights Law ("NYHRL") provides, in pertinent part:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner,
> lessee, proprietor, manager, superintendent, agent or employee of any place of public
> accommodation ... because of the ... disability ... of any person, directly or indirectly,
> to refuse, withhold from or deny to such person any of the accommodations,
> advantages, facilities or privileges thereof, ... to the effect that any of the
> accommodations, advantages, facilities and privileges of any such place shall be
> refused, withheld from or denied to any person on account of ... disability ....
>
> N.Y. Exec. Law § 296(2)(a).

21. Defendant's property is a place of public accommodation as defined in the NYSHRL.

22. Defendant has violated the NYSHRL by denying Plaintiff full and safe access to all of the

    benefits, advantages, privileges and/or services offered at its place of public accommodation.

23. Claims for disability discrimination under the NYSHRL are governed by the same legal

    standards as the ADA. *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006).

24. Defendant has violated the NYSHRL by discriminating against Plaintiff on the basis of his

    disability in violation of the ADA.

25. Plaintiff seeks judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages

    contemplated by § 297(9).

**WHEREFORE,** Plaintiff respectfully requests:

16

a.   The Court issue a Declaratory Judgment that determines that Defendant at the

commencement of the subject lawsuit is in violation of Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b.   Injunctive relief against Defendant including an Order

(i)  requiring the Defendant to make all readily achievable alterations to the

Property and to the facility operated thereon so that the Property and such facility are

made readily accessible to and usable by individuals with disabilities to the extent

required by the ADA;

(ii)  requiring the Defendant to make reasonable modifications in policies,

practices or procedures as are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities;

(iii)  requiring the Defendant to take such steps as are necessary to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise treated

differently than other individuals because of the absence of auxiliary aids and services;

and

(iv) prohibiting the Defendant from perpetuating any acts and practices which

result in the exclusion, denial of service to or discriminatory treatment of individuals with

disabilities.

c.   An award of compensatory damages to Plaintiff in the amount of $1,500.00 based on

Defendant's violation of the NYSHRL.

d.   An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of

the Americans with Disabilities Act and the NYSHRL.

Respectfully Submitted,

THOMAS B. BACON, P.A.

By: _____
     John F. Ward, Esquire (I.D. No. 81350)
     THOMAS B. BACON, P.A.
     200 Country Club Rd.
     Royersford, PA 19468
     Phone:  610-952-0219
     Fax:  954-237-1990
     johnfward@gmail.com

     *Admitted Pro Hac Vice*

December 9, 2015

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of the foregoing First Amended

Complaint was filed electronically with the Court and thereby served by e-mail transmission to

counsel for Defendant.


Dated: December 9, 2015                                   *s/ John F. Ward*
                                                          John F. Ward, Esquire